DAYTON BAR ASSOCIATION *v.* AUSTIN.

[Cite as *Dayton Bar Assn. v. Austin* (1997), ___ Ohio St.3d ___.]

*Attorneys at law — Misconduct — Public reprimand — Commingling and mismanaging guardianship accounts.*

(No. 97-1748 — Submitted October 7, 1997 — Decided December 31, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-117.

In 1984, respondent, Richard Austin of Christiansted, St. Croix, Virgin Islands, Attorney Registration No. 0031709, received funds as guardian of three minor children. He placed the funds in his trust account and not in a guardianship account. Thereafter, he failed to keep proper account of deposits and payments to the guardianship account, commingled client funds with the guardianship funds, and failed to provide proper accountings to the probate court. As a result of respondent's actions, the beneficiaries of the guardianship funds failed to earn proper interest.

In late 1992 or early 1993, respondent was removed as guardian, and a successor guardian was appointed. By 1995, respondent had made full and complete restitution to the guardianship .

In December 1996, relator, Dayton Bar Association, filed a complaint charging respondent with violations of several Disciplinary Rules, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline ("board") on stipulations of the parties.

The panel found that respondent commingled and mismanaged guardianship accounts and concluded that his actions violated DR 1-102(A)(6) (engaging in conduct adversely reflecting upon the lawyer's fitness to practice law), 9-

102(B)(3) (failing to maintain complete records of a client's funds), and 9-102(B)(4) (failing to promptly deliver funds in the possession of a lawyer which the client is entitled to receive).

The panel further found in mitigation that at no time during respondent's tenure as guardian were the beneficiaries denied access to their accounts or use of the funds, that respondent provided for the needs of the beneficiaries with no interruption, problems, or difficulties, and that respondent made full and complete restitution before this disciplinary action was commenced. The panel also found that the accounting problems occurred during a time of emotional stress for respondent due to the termination of his marriage, his remarriage, his relocation to the Virgin Islands to provide legal services to the poor, his subsequent divorce from his second wife, the devastation of his community and his property by Hurricane Hugo in 1989, and his complete collapse followed by hospitalization at the Cleveland Clinic in late 1989. In addition, the panel found that for thirteen years respondent has worked at an agency providing legal services to the poor in the Virgin Islands, and that he was so highly regarded in his position of trust and management that he had been considered for a position as director of the agency.

The panel recommended that respondent receive a public reprimand.

The board adopted the findings, conclusions, and recommendation of the panel.

_____

*John M. Ruffolo,* for relator.

*Gary J. Leppla,* for respondent.

_____

*Per Curiam.* We adopt the findings and conclusions of the board. Based upon the mitigating circumstances, we find, as recommended by the board, that

2

respondent ought to be and he hereby is publicly reprimanded.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.